IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MON CHERI BRIDALS, LLC, and<br>MAGGIE SOTTERO DESIGNS, LLC,<br><br>      **Plaintiffs,**<br><br>      v.<br><br>CLOUDFLARE, INC., and DOES 1 – 500,<br>inclusive,<br><br>      **Defendants.** | **Misc. Case No.:** 2:21-mc-00028-JLS<br><br>**Underlying Case:**<br>Case No. 3:19-cv-01356-VC<br>United States District Court for the<br>Northern District of California |

**DEFENDANT CLOUDFLARE, INC.'S RESPONSE TO MOTION
TO EXTEND TIME FOR XMLSHOP, LLC dba COUNTERFEIT
TECHNOLOGY TO RESPOND TO THE MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA**

Defendant Cloudflare, Inc. opposes XMLShop, LLC dba Counterfeit Technology's request for more time to respond to Cloudflare's pending motion to compel subpoena compliance because an extension would conflict with the court's scheduling order in the underlying case. The parties' deadline to complete fact depositions is April 16, 2021. Declaration of Andrew Bridges in Support of Cloudflare's Response to Motion to Extend Time ("Bridges Decl.") ¶ 2, Ex. A. Extending the briefing schedule would provide Cloudflare no opportunity to obtain and review important documents produced as a result of its motion before that deadline.

Cloudflare did not delay in initiating this enforcement action, and XML Shop—which has been an active participant and stakeholder in the underlying dispute since before it started—cannot be surprised by Cloudflare's motion. As shown in the exhibits filed with its motion, Cloudflare tried to resolve this dispute in good faith through several discussions with XMLShop before resorting to its motion. Declaration of Sapna Mehta (Dkt. 1-4) ¶¶ 8-13. XMLShop, through Plaintiffs' counsel in the underlying action, continued the discussions under the guise of

1

"considering" Cloudflare's requests. XMLShop's position that Cloudflare should have foreseen that XMLShop ultimately would not comply goes against Local Rule 26.1(f)'s directive that the parties should attempt to resolve the dispute without the Court's intervention.

XMLShop offers no good cause for its request. Counsel for Cloudflare notified counsel for XMLShop of its intent to file the motion on March 11, and emailed the filed motion to XMLShop's counsel on March 12. Bridges Decl. ¶ 3, Exs. B, C. Counsel for XMLShop did not raise any need for an extension until two weeks later, on the same day its response was due. *See* Declaration of Bianca A. Roberto (Dkt. 4-2), Ex. 2. XMLShop fails to justify that delay. Stark & Stark, P.C. has been counsel to XMLShop throughout this case. XMLShop's contention that the parties' deposition schedule interfered with XMLShop's ability to respond makes no sense. Since Cloudflare filed its motion two weeks ago, there have been only two depositions in this case. One of those was the partial 30(b)(6) deposition of XMLShop, which occurred remotely in two or three-hour blocks across three days at the request of XMLShop's designee, Suren Ter-Saakov, who Cloudflare learned at the deposition was in the Dominican Republic. Bridges Decl. ¶ 4. The other deposition did not occur until March 26, the deadline for XMLShop's response in this matter. Bridges Decl. ¶ 5.

Contrary to its claim that Mr. Ter-Saakov confirmed XMLShop "produced all responsive documents" (Dkt. 4), Mr. Ter-Saakov's testimony revealed that XMLShop had not complied with the subpoena. He could not recall or even estimate how many documents he found in his search, but believed "it was too many." Yet XMLShop produced only *one* document in response to two document subpoenas. Bridges Decl. ¶ 4, Ex. D ("Tr.") at 120:11-17. He also described several categories of documents responsive to Cloudflare's subpoena that XMLShop should have but did not produce.

As an example of just one of the categories Cloudflare describes in its motion (Dkt. 1-1 at 12), Mr. Ter-Saakov described records that XMLShop used to identify what it contends are copyright infringements.  He testified about data XMLShop collected for its clients relating to Cloudflare stored in XMLShop's "database" (Tr. at 148:7-20); XMLShop's system's copies of the images from the accused websites it believes infringe and of the original claimed copyrighted images it compared to make that assessment (Tr. at 155:8-157:8); client catalogues it used to identify keywords and the keywords it used to locate the accused websites (Tr. at 312:8-11); instructions given to the freelancers it hired to review XMLShop's classification of websites as potentially infringing or not, including the CSV files in which they recorded their review (*e.g.*, Tr. at 340:6-343:8); and assessments it has done of the websites accused of infringement as part of its "expert" fee for litigation (Tr. at 162:23-164:10).  And these are only illustrative, not exhaustive.  He also claimed that the actual source code or user interface of XMLShop's software for finding and sending complaints about alleged copyright infringements is the only documentation XMLShop has about the functionality of its software.  *E.g.*, Tr. at 176:1-14.  But that is still responsive to Cloudflare's subpoena under Fed. R. Civ. P. 34(a) and XMLShop should make it available for remote inspection in response to the subpoena.  Additionally, his testimony reinforced that XMLShop is a significant stakeholder in this litigation, with a percentage-based financial interest in its outcome, and therefore cannot claim the burdens of a typical non-party.  Tr. at 97:7-99:13.  Further highlighting the need for Cloudflare's motion to enforce, XMLShop produced no documentation of its agreements with Plaintiffs, and its sole corporate designee was unprepared to testify about them.  Tr. at 96:15-97:1.

In sum, XMLShop's requested extension of the briefing schedule would prejudice Cloudflare's ability to receive and review relevant information that XMLShop, an active participant in this litigation, was obligated to produce months ago—and which XMLShop has now

confirmed it possesses—before the parties' deadline for fact depositions.  XMLShop, in contrast, faces no prejudice in responding to outstanding requests that it has known of and discussed with its counsel for months.  Cloudflare thus respectfully requests that the Court deny XMLShop's motion for an extension of time.

Dated:  March 29, 2021              HANGLEY ARONCHICK SEGAL
                                    PUDLIN & SCHILLER


                                    By:   */s/ Alan C. Promer*
                                    Alan C. Promer (Attorney I.D. No. 81006)
                                    One Logan Square, 27th Floor
                                    Philadelphia, PA  19103
                                    (215) 568-6200
                                    apromer@hangley.com


                                    Andrew P. Bridges (*pro hac vice pending*)
                                    FENWICK & WEST LLP
                                    801 California Street
                                    Mountain View, CA  94041
                                    Telephone:  650.988.8500
                                    Facsimile:   659.938.5200
                                    Email: abridges@fenwick.com

                                    *Attorneys for Defendant Cloudflare, Inc.*

## **CERTIFICATE OF SERVICE**

I, Alan C. Promer, certify that on March 29, 2021, I caused a true and correct copy of the foregoing Defendant Cloudflare, Inc.'s Response to Motion to Extend Time for XMLShop, LLC dba Counterfeit Technology to Respond to the Motion to Compel Compliance with Subpoena to be filed with the Court using the Electronic Case Filing System and served by ECF on counsel of record and also by electronic mail on the counsel listed below.

Robert B. Owens, Esquire
Owens & Gach Ray
269 S. Beverly Drive, No. 1074
Beverly Hills, CA  90212
rowens@ogrlaw.com

*Attorneys for Plaintiffs and XMLShop, LLC dba Counterfeit Technology*

Craig S. Hillard, Esquire
Gene Markin, Esquire
Stark and Stark, P.C.
993 Lenox Drive, Bldg. Two
Lawrenceville,  NJ  08648-2389
chilliard@stark-stark.com
gmarkin@stark-stark.com

*Attorneys for Plaintiffs and XMLShop, LLC dba Counterfeit Technology*

Bianca A. Roberto, Esquire
Stark & Stark
777 Township Line Road, Suite 120
Yardley, PA  19067
broberto@stark-stark.com

*Attorney for Plaintiffs, and Non-Party XMLShop, LLC d/b/a Counterfeit Technology*

*/s/ Alan C. Promer*
Alan C. Promer
