UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CLOUDFLARE, INC., a Delaware corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Misc. Case No. 2:21-mc-00028<br><br>Underlying Case:<br>Case No. 3:19-cv-01356-VC<br>United States District Court for the Northern District of California |

**NON-PARTY XMLSHOP, LLC D/B/A COUNTERFEIT TECHNOLOGY'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF DEFENDANT CLOUDFLARE, INC.**

Non-Party XMLShop, LLC d/b/a Counterfeit Technology ("XMLShop") submits this memorandum of law in opposition to the Motion to Compel Compliance by XMLShop, LLC d/b/a Counterfeit Technology with Subpoena (the "Motion") filed by the Defendant Cloudflare, Inc. ("Defendant").

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

XMLShop was engaged by Plaintiffs Mon Cheri Bridals, LLC ("Mon Cheri") and Maggie Sottero Designs, LLC ("Maggie Sottero") (collectively, the "Plaintiffs") to find any unauthorized use and reproduction of Plaintiffs' copyrighted and proprietary images on the Internet. *See* Declaration of Suren Ter-Saakov in opposition to the Motion to Compel Compliance by XMLShop, LLC d/b/a Counterfeit Technology with Subpoena filed by the Defendant ("Ter-Saakov Decl."), at ¶ 4. XMLShop has developed a web scrapping tool that can identify copies of images on the Internet. *See* Ter-Saakov Decl., at ¶ 3. Plaintiffs gave XMLShop authority and power of attorney to act as their agents in identifying, locating, and investigating infringements of

their images by websites that steal Plaintiffs' images and use them to sell counterfeit, knockoff goods. *See* Ter-Saakov Decl., at ¶ 5.

Plaintiffs also gave XMLShop authority and power of attorney to act as their agents in sending DMCA type and other copyright infringement notices to websites found to infringe on Plaintiffs' copyrighted images, the websites' hosting providers, and any internet service providers that provide services to the infringing websites, such as Cloudflare. *See* Ter-Saakov Decl., at ¶ 6. As such, XMLShop used its proprietary software and system processes to scour the internet for infringing use of Plaintiffs' images, and when found, to generate DMCA and copyright infringement notices to Cloudflare and others identifying the location of the infringing content as well as the original copyrighted image, among other things. *See* Ter-Saakov Decl., at ¶ 7. As part of this litigation, in the matter of *Mon Cheri Bridals, LLC, et. al. v. Cloudflare, Inc., et. al.*, in the United States District Court for the Northern District of California, at Case No. 3:19-cv-01356-VC (the "Underlying Action"), XMLShop has worked with Plaintiffs and their attorneys in gathering information and documentation in response to discovery requests propounded on Plaintiffs. *See* Ter-Saakov Decl., at ¶ 8.

On March 2, 2020, Defendant served a Subpoena to Produce Documents upon XMLShop (the 1st Document Subpoena") in the Underlying Action. *See* ECF No. 1-5, at ¶ 4, and Exhibit 3; *see also* Ter-Saakov Decl., at ¶ 9. Many of the requests were identical to documents requested of Plaintiffs, and to which XMLShop already provided responsive documents to be produced on behalf of Plaintiffs. *See* Ter-Saakov Decl., at ¶ 10. The remaining requests were incredibly broad and asked for sensitive trade secret information about XMLShop's intellectual property and processes, which are not at issue in this lawsuit, as well as for everything under the sun whether related to the actual case or not. *See* Ter-Saakov Decl., at ¶ 11. For many of the items XMLShop

simply did not have responsive documents. *See* Ter-Saakov Decl., at ¶ 12. On March 18, 2020, XMLShop, through counsel, served its Objections and Responses to the 1st Subpoena upon Defendant. *See id.*, and Exhibit 4; *see also* Ter-Saakov Decl., at ¶ 13.

On November 2, 2020, Defendant served a Second Subpoena to Produce Documents upon XMLShop (the 2nd Document Subpoena") in the Underlying Action. *See* ECF No. 1-5, at ¶ 5, and Exhibit 5; *see also* Ter-Saakov Decl., at ¶ 14. The 2nd Document Subpoena includes fifty (50) Document Requests, which are overbroad and not narrowly tailored to the claims in the Underlying Action. *See* ECF No. 1-5, at ¶ 5, and Exhibit 5. On November 23, 2020, XMLShop, through counsel, served its Objections and Responses to the 2nd Subpoena upon Defendant. *See id.* at ¶ 7, and Exhibit 7; *see also* Ter-Saakov Decl., at ¶ 15.

XMLShop reviewed the 1st Document Subpoena and the 2nd Document Subpoena (collectively, the "XMLShop Document Subpoenas"), Defendant's First Set of Requests for Production of Documents to Plaintiff Mon Cheri Bridals, LLC, Defendant's First Set of Requests for Production of Documents to Plaintiff Maggie Sottero Designs, LLC, both dated February 7, 2020 (collectively, the "1st Requests to Plaintiffs"), Defendant's Second Set of Requests for Production of Documents to Plaintiff Mon Cheri Bridals, LLC, and Defendant's Second Set of Requests for Production of Documents to Plaintiff Maggie Sottero Designs, LLC, both dated May 8, 2020 (collectively, the "2nd Requests to Plaintiffs"), and Defendant's Third Set of Requests for Production of Documents to Plaintiff Mon Cheri Bridals, LLC, and Defendant's Second Set of Requests for Production of Documents to Plaintiff Maggie Sottero Designs, LLC (collectively, the "3rd Requests to Plaintiffs"). *See* Ter-Saakov Decl., at ¶ 21; *see also* Declaration of Bianca A. Roberto in opposition to the Motion to Compel Compliance by XMLShop, LLC d/b/a Counterfeit Technology with Subpoena ("Roberto Decl."), at Exhibits "4," "5," and "6." XMLShop searched

its files and databases, and retrieved documents related to the Underlying Action on behalf of the Plaintiffs in conjunction with the Plaintiffs' responses to the 1st Requests to Plaintiffs, the 2nd Requests to Plaintiffs, and the 3rd Requests to Plaintiffs (collectively, the "Requests to Plaintiffs"), and located numerous documents including, but not limited to, emails, reports, and images. *See* Ter-Saakov Decl., at ¶ 22. XMLShop gave the aforementioned documents to counsel, and they were produced by Plaintiffs in response to the Requests to Plaintiffs. *See* Ter-Saakov Decl., at ¶ 23. Additionally, XMLShop's counsel indicated to defense counsel that XMLShop provided certain responsive documents to Plaintiffs, and those documents were already produced in the Underlying Action by the Plaintiffs. ECF No. 1-5, at ¶ 13. Defense counsel and XMLShop's counsel were in contact between December 3, 2020 and February 11, 2021 regarding the 2nd Subpoena and depositions of XMLShop representatives. *Id*. at ¶¶ 10-13.

Thereafter, on February 11, 2021, after additional meet and confer discussions, counsel confirmed that "Counterfeit Technology performed a diligent search for the categories of documents requested and do not have any non-privileged responsive documents as indicated in my January 4, 2021 letter, including for Category 13 … Moreover, I can confirm Counterfeit Technology does not have any responsive documents for Category 37 or Category 50." XMLShop confirmed that this was accurate. *See* Roberto Decl., at Exhibit "11," and Ter-Saakov Decl., at ¶ 19. Any production by XMLShop of the documents that were already sent to counsel, and produced by the Plaintiffs to Defendant in the Underlying Action, would be duplicative and would require XMLShop to reproduce the production thereby resulting in the unnecessary expenditure of additional time and costs. *See* Ter-Saakov Decl., at ¶ 24. XMLShop produced an additional email chain in response to the 2nd Document Subpoena, which was inadvertently omitted from earlier productions. *See* ECF No. 1-5, at Exhibits 10 and 11; *see also* Ter-Saakov Decl., at ¶ 25.

On or about November 12, 2020, Defendant served a Subpoena to Testify at a Deposition in a Civil Action upon XMLShop in the Underlying Action. *See* Ter-Saakov Decl., at ¶ 16.  On or about March 11, 2021, Defendant served a Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena") upon Suren Ter-Saakov ("Ter-Saakov"), through counsel, to appear as a representative of XMLShop in connection with the Underlying Action. *See* Ter-Saakov Decl., at ¶ 17.

XMLShop's corporate representative and owner, Ter-Saakov, was deposed in the Underlying Action on March 16, 2021, March 17, 2021, and March 18, 2021 regarding, among other things, XMLShop's relationship to, and work performed for, the Plaintiffs Mon Cheri Bridals, LLC and Maggie Sottero Designs, LLC (collectively, the "Plaintiffs") pursuant to the Deposition Subpoena. *See* Ter-Saakov Decl., at ¶¶ 1 and 20; *see also* Transcripts of Remote Videotaped 30(b)(6) Deposition of XMLShop, LLC d/b/a Counterfeit Technology, Suren Ter-Saakov, attached to Roberto Decl., at Exhibits "1," "2," and "3."  During the course of the deposition Ter-Saakov indicated that XMLShop reviewed the XMLShop Document Subpoenas, searched its files, and produced all responsive documents that were in its possession. *See e.g.* Roberto Decl., at Exhibit "1," at Vol. I at pp. 10:10-25, 111-125, and at Exhibit "2," at Vol. II, pp. 148-152.  Further, as indicated in Ter-Saakov's Declaration in support of XMLShop's opposition to the underling Motion, XMLShop has not located any additional documents that are responsive to the XMLShop Document Subpoenas or the Requests to Plaintiffs. *See* Ter-Saakov Decl., at ¶¶ 26 and 27.  Ter-Saakov has repeatedly indicated that XMLShop has complied with the XMLShop Document Subpoenas as it does not possess additional documents that have not already been produced in the Underlying Action. *See* Ter-Saakov Decl., at ¶ 18; *see also* Roberto Decl., at Exhibit "1," at Vol. I, pp. 110:22-25, 111-116, and 117:1.

## ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits "parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Gardella v. Prodex Int'l, Inc.*, 2007 U.S. Dist. LEXIS 15601, at *7 (E.D. Pa. 2007) (citing Fed. R. Civ. P. 26(b)(1)). As an initial matter,

> 'Rule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'

*Prime Energy & Chem., LLC v. Tucker Arensberg, P.C.*, 2020 U.S. Dist. LEXIS 32560, *4 (W.D. Pa. 2020) (internal citation omitted) (quoting *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F.Supp.2d 362, 382 (E.D. Pa. 2013) (quoting *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 U.S. Dist. LEXIS 94165, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)). Further,

> Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoena, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion.

*Id.* at 4-5 (citing *R.J. Reynolds Tobacco v. Philip Morris Inc*, 29 F. App'x 880, 881 (3d Cir. 2002)).

It is well-settled that "'[t]he determination of relevance is within the district court's discretion.'" *Gardella*, *supra*, at *7 (quoting *Barnes Found. v. Twp. of Lower Merion*, No. 96-CV-372, 1996 U.S. Dist. LEXIS 19472, at *2 (E.D. Pa. 1996) (internal citations omitted)). A court's broad discretion is guided by certain general principles. *Prime Energy & Chem., LLC, supra*, at *5. Specifically,

> when considering a motion to quash or modify a subpoena, we are enjoined to keep

> in mind that the reach of a subpoena is defined by the proper scope of discovery in civil litigation. As one court aptly observed:
>
>> Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena that subjects a person to undue burden. Accordingly, a court may quash or modify a subpoena if it finds that the movant has met the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.' [However, when assessing a motion to quash we must also consider the fact that] Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which 'appears reasonably calculated to lead to the discovery of admissible evidence.'

*Id*. at *5-6 (internal citations omitted) (quoting *Wright v. Montgomery County*, No. 96-4597, 1998 U.S. Dist. LEXIS 19162, *2 (E.D. Pa. Dec. 3, 1998). Thus, when a court rules on

> objections to a subpoena, '[the] court is required to apply the balancing standards- relevance, need, confidentiality and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit.'

*Id*. at *6 (quoting *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)). Therefore,

> in evaluating a motion to compel [courts] are mindful that:
>
>> Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:
>>
>>> (b) Discovery Scope and Limits.
>>>
>>> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id*. at \*6-7 (quoting Fed. R. Civ. P. 26(b)(1)).  Accordingly, "'[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege.'" *Id*. at \*7 (quoting *Robinson v. Folino*, No. 14-227, 2016 U.S. Dist. LEXIS 120261, at \*2 (citing *Jackson v. Beard*, No. 11-1431, 2014 U.S. Dist. LEXIS 108454, at \*5 (M.D. Pa. 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits.... Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

> While inadmissible information can be discoverable,
>
>> Rule 26 states that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.' This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is 'proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.' 'Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.'

*Id*. at \*8 (quoting *Lawson v. Love's Travel Stops & Country Stores, Inc.*, No. 1:17-CV-1266, 2020 U.S. Dist. LEXIS 2575, at \*2 (M.D. Pa. 2020) (quoting Fed. R. Civ. P. 26(b)(1); *Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting *Wertz v. GEA Heat Exchangers Inc.*, No. 1:14-CV-1991, 2015 U.S. Dist. LEXIS 167947, at \*2 (M.D. Pa. 2015)).  When evaluating a motion to compel compliance with a Rule 45 subpoena a court "is also governed by shifting burdens of proof and persuasion." *Id*. at \*8-9.  As such, "'the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected

material under Rule 45.'" *Id*. at *9 (quoting *L.W. v. Lackawanna Cty., Pa.*, No. 3:14CV1610, 2015 U.S. Dist. LEXIS 42577, at *1 (M.D. Pa. 2015) (citing *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014)).

XMLShop has met its burden as the discovery sought is duplicative, and the Document Subpoenas seek privileged materials, and non-party XMLShop's confidential trade secrets related to the operation of its business and the work that it performs for its clients. Additionally, XMLShop produced all responsive documents in its possession.

> **B.    The Motion to Compel Should be Denied Because XMLShop Complied with the XMLShop Document Subpoenas and its Objections to the Subpoenas are Valid**
>
> *i.    The XMLShop Document Subpoenas Are Duplicative*

XMLShop responded to the Document Subpoenas and made valid objections. The requests in the Document Subpoenas are nearly identical and, therefore, duplicative. Defendant changes some of the wording between the two (2) subpoenas, but they seek repetitive information. Notably, by way of example, Defendant makes the following **twenty-four (24)** matching requests:

| No. | 1st Document Subpoena | No. | 2nd Document Subpoena |
|---|---|---|---|
| 1 | Documents sufficient to identify all Your principals, owners, members, managers, investors, officers, directors, and employees at any time between 2015 and the present | 1 | Documents sufficient to identify and to provide Contact information of all Your principals, owners, members, managers, investors, officers, directors, and employees at any time between 2015 and the present. |
| 2 | Documents sufficient to identify all Persons with knowledge or information regarding the Plaintiffs' allegations of copyright infringement in This Litigation. (Exhibit B to the subpoena is a copy of the amended complaint in This Litigation, with exhibits.) | 2 | Documents sufficient to identify and to provide Contact Information of all Persons with knowledge or information regarding the alleged copyright infringements at issue in This Litigation. (Exhibit B to the subpoena is a copy of the amended complaint in This Litigation, with exhibits.) |
| 3 | Documents sufficient to identify all Persons with knowledge of copyright or | 3 | Documents sufficient to identify and to provide all Contact Information of |

|   |   |   |   |
|---|---|---|---|
|   | trademark enforcement activities by or on behalf of Mon Cheri Bridals, LLC. |   | all Persons with knowledge of copyright or trademark enforcement activities by or on behalf of Mon Cheri Bridals, LLC. |
| 4 | Documents sufficient to identify all Persons with knowledge of copyright or trademark enforcement activities by or on behalf of Maggie Sottero Designs, LLC. | 4 | Documents sufficient to identify and to provide all Contact Information of allPersons with knowledge of copyright or trademark enforcement activities by or on behalf ofMaggie Sottero Designs, LLC. |
| 5 | Documents sufficient to demonstrate the legal, scientific, technical, or other specialized knowledge of all Persons acting for or on behalf of Plaintiffs with respect to copyright, trademark, counterfeiting, or Internet matters. | 5 | Documents sufficient to demonstrate the legal, scientific, technical, or otherspecialized knowledge of all Persons acting for or on behalf of Plaintiffs with respect to copyright, trademark, counterfeiting, or Internet matters. |
| 6 | Documents sufficient to demonstrate the legal, scientific, technical, or other specialized knowledge of all Persons directly or indirectly communicating with Cloudflare regarding copyright or trademark infringement, including but not limited to Armen Petrossian. | 6 | Documents sufficient to demonstrate the legal, scientific, technical, or other specialized knowledge of all Persons directly or indirectly communicating with Cloudflare regarding copyright or trademark infringement, including but not limited to Armen Petrossian. |
| 7 | Documents sufficient to demonstrate the legal, scientific, technical, or other specialized knowledge of all Persons in or under Your management or in Your employment, including but not limited to Armen Petrossian, Suren Ter-Saakov, and Blair Hearnsberger. | 7 | Documents sufficient to demonstrate the legal, scientific, technical, or other specialized knowledge of all Persons in or under Your management or in Your employment, including but not limited to Armen Petrossian, Suren Ter-Saakov, and Blair Hearnsberger. |
| 8 | All Documents Concerning communications to, by, or with Plaintiffs. | 12 | All Documents Concerning communications to, by, or with Plaintiffs. |
| 9 | All Documents Concerning communications to, by, or with American Bridal & Prom Industry Association or its representatives or officers. | 13 | All Documents Concerning communications to, by, or with American Bridal &Prom Industry Association or its representatives or officers. |
| 10 | All Documents Concerning communications to, by, or with owners or operators of websites You referred to in Your communications to or with Cloudflare (other than documents | 15 | All Documents Concerning communications to, by, or with owners or operators of websites You referred to in Your communications to or with Cloudflare (other than |

|    |                                                                                                                                                                                                                                                                           |    |                                                                                                                                                                                                                                                                                          |
|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | constituting Your webform complaint submissions to Cloudflare).                                                                                                                                                                                                           |    | documents constituting Your webform complaint submissions to Cloudflare).                                                                                                                                                                                                                |
| 11 | All Documents Concerning communications to, by, or with owners or operators of hosting services of websites You referred to in Your communications to or with Cloudflare (other than documents constituting Your webform complaint submissions to Cloudflare).             | 16 | All Documents Concerning communications to, by, or with owners or operatorsof hosting services of websites You referred to in Your communications to or with Cloudflare (other than documents constituting Your webform complaint submissions to Cloudflare).                            |
| 12 | All Documents Concerning communications to owners or operators of search engines regarding the websites You referred to in Your communications to or with Cloudflare.                                                                                                     | 17 | All Documents Concerning communications to, by, or with owners or operators of search engines regarding the websites You referred to in Your communications to or with Cloudflare.                                                                                                       |
| 13 | All Documents Concerning communications to, with, or by Cloudflare.                                                                                                                                                                                                       | 19 | All Documents Concerning communications to, by, or with Cloudflare                                                                                                                                                                                                                        |
| 14 | All Documents Concerning actions You took in response to communications by Cloudflare.                                                                                                                                                                                    | 20 | All Documents Concerning actions You took in response to communications byCloudflare.                                                                                                                                                                                                    |
| 15 | All Documents Concerning Cloudflare's services, including but not limited to Your knowledge of Cloudflare's services.                                                                                                                                                     | 21 | All Documents Concerning Cloudflare's services, including but not limited toYour knowledge of Cloudflare's services.                                                                                                                                                                      |
| 17 | All Documents Concerning litigation in which Your personnel (including but not limited to Armen Petrossian, Suren Ter-Saakov, and Blair Hearnsberger) were parties, officers of parties, counsel, or witnesses, whether or not their roles in litigation was in the course of their employment by You. | 23 | All Documents Concerning litigation in which Your personnel (including but notlimited to Armen Petrossian, Suren Ter-Saakov, and Blair Hearnsberger) were or are parties, officers of parties, counsel, or witnesses, whether or not their roles in litigation were in thecourse of their employment by You. |
| 18 | All Documents Concerning Your advertisement and promotion of Your services to copyright and trademark owners or their agents, including Plaintiffs.                                                                                                                       | 24 | All Documents Concerning Your advertisement or promotion of Your services tocopyright and trademark owners or their agents, including Plaintiffs.                                                                                                                                        |
| 19 | All Documents Concerning Your software and other technologies or tools You have used to identify actual or potential copyright or trademark infringements, including but notlimited                                                                                       | 25 | All Documents Concerning Your software and other technologies or tools You have used to identify actual or potential copyright or trademark infringements, including but not                                                                                                             |

| | | | |
|---|---|---|---|
| | to software and other tools You have used Concerning Your communications to or about Cloudflare or Concerning the facts asserted in those communications. | | limited to software and other tools You have used Concerning Your communications to or about Cloudflare or Concerning the facts asserted in those communications. |
| 20 | All Documents Concerning Your efforts to verify infringements of copyrights before preparation of communications to or about Cloudflare Concerning claims of copyrightinfringement. | 26 | All Documents Concerning Your efforts to verify infringements of copyrightsbefore preparation of communications to or about Cloudflare Concerning claims of copyrightinfringement. |
| 21 | All Documents Concerning financial interests of any Person in This Litigation. | 27 | All Documents Concerning financial interests of any Person in This Litigation. |
| 22 | All Documents Concerning Your compensation in connection with This Litigation, Your work for Plaintiffs, or Your communications to or with Cloudflare. | 28 | All Documents Concerning Your compensation in connection with This Litigation, Your work for Plaintiffs, or Your communications to or with Cloudflare. |
| 24 | Documents sufficient to identify the location of all documents responsive to thissubpoena. | 30 | Documents sufficient to identify the location of all documents responsive to thissubpoena. |
| 25 | Documents sufficient to identify all civil claims and lawsuits, criminal chargesand proceedings, and convictions and judgments against You or property You own or have owned. | 31 | Documents sufficient to identify all civil claims and lawsuits, criminal chargesand proceedings, and convictions and judgments against You or property You own or have owned. |
| 26 | All Documents Concerning accusations or allegations by anyone of violations of civil or criminal laws by You or by any Persons who have ever been associated with You (including but not limited to Armen Petrossian, Suren Ter-Saakov, and Blair Hearnsberger), including but not limited to accusations and allegations of identity theft, fraud, tax fraud, immigration fraud, copyright infringement, trademark infringement, sale or importation of counterfeit goods, and misuse of an access device. | 32 | All Documents Concerning accusations or allegations by anyone of violations ofcivil or criminal laws by You or by any Persons who have ever been associated with You, including but not limited to accusations and allegations of identity theft, fraud, tax fraud, immigration fraud, copyright infringement, trademark infringement, sale or importation of counterfeit goods, and misuse of an access device. |

*See* ECF No. 1-5, at Exhibits 3 and 5; *see also* Ter-Saakov Decl., at ¶¶ 9-11. The Document

Subpoenas are clearly duplicative in their requests, and it would be unduly burdensome to require

non-party XMLShop to respond to the same requests twice. Moreover, XMLShop has *already* turned over *all* documents in its possession that are responsive to the Document Subpoenas.

> ### ii. *Defendant's Requests Are Overly Broad And Not Narrowly Tailored to the Needs of the Underlying Action*

The requests in the XMLShop Document Subpoenas are overbroad and not narrowly tailored to the litigation. Defendant, without limitation as to timeframe or subject matter, seeks the following in the 2nd Document Subpoena:

> 3. Documents sufficient to identify all Persons with knowledge of copyright or trademark enforcement activities by or on behalf of Mon Cheri Bridals, LLC.
> 4. Documents sufficient to identify all Persons with knowledge of copyright or trademark enforcement activities by or on behalf of Maggie Sottero Designs, LLC.
> 5. Documents sufficient to demonstrate the legal, scientific, technical, or other specialized knowledge of all Persons acting for or on behalf of Plaintiffs with respect to copyright, trademark, counterfeiting, or Internet matters.
>
> . . . .
>
> 8. **All** Documents Concerning communications to, by, or with Plaintiffs.
> 9. **All** Documents Concerning communications to, by, or with American Bridal & Prom Industry Association or its representatives or officers.
> 10. **All** Documents Concerning communications to, by, or with owners or operators of websites You referred to in Your communications to or with Cloudflare (other than documents constituting Your webform complaint submissions to Cloudflare).
> 11. **All** Documents Concerning communications to, by, or with owners or operators of hosting services of websites You referred to in Your communications to or with Cloudflare (other than documents constituting Your webform complaint submissions to Cloudflare).
> 12. **All** Documents Concerning communications to owners or operators of search engines regarding the websites You referred to in Your communications to or with Cloudflare.
> 13. **All** Documents Concerning communications to, with, or by Cloudflare.

*See* ECF No. 1-5, at Exhibit 3, at Document Request Nos. 3-5, and 8-13, and Exhibit 5, at Document Categories Nos. 3-5, 12-13, 15-16, 17 and 19 (emphasis added). The overbroad demands continue in the 2nd Document Subpoena where Defendant demands:

    35.    All Documents Concerning Your operation of an e-commerce platform for apparel sellers or merchandisers, including but not limited to sellers or merchandisers of bridal, prom, and other formal wear.

    36.    All Documents Concerning Blair Hearnsberger, including but not limited to Yourcommunications Concerning Blair Hearnsberger.

    37.    All Documents Concerning communications to, by, with, or about Istvan Jonyer, Ph.D.

    38.    All Documents Concerning actions You have taken in coordination with, for the benefit of, or at the direction of, Istvan Jonyer, PhD.

*See* ECF No. 1-5, at Exhibit 5, at Document Categories Nos. 35-38.

Defendant's demand for *all* documents concerning communications to, by, or with Plaintiffs, non-party American Bridal & Prom Industry Association or its representatives or officers, non-party owners or operators of websites is clearly overbroad as the requests are not restricted in time or as to particular subject matter. There is no basis for Defendant to request or receive unfettered access to XMLShop's communications with the Plaintiffs and/or other non-parties; especially those communications that are unrelated to the Underlying Action. Such communications would include information related to XMLShop's business practices, its procedures related to its investigation and identification of copyright infringement, and its proprietary software to locate infringements on its clients' intellectual property. XMLShop would be harmed if this information was turned over to Defendant as it would provide Defendant, the service provider for the infringing websites, with information that it and/or its customers could use to evade detection by XMLShop's proprietary software. Thereby making XMLShop's software ineffective, and obsolete to its clients. Accordingly, the XMLShop must not be compelled to comply with the overreaching XMLShop Document Subpoenas.

    *iii.*    ***The XMLShop Document Subpoenas Request Privileged Documents***

Defendant seeks documents that are privileged and/or irrelevant to the Underlying Action:

    17.    All Documents Concerning litigation in which Your personnel (including but not limited to Armen Petrossian, Suren Ter-Saakov, and Blair

           Hearnsberger) were parties, officers of parties, counsel, or witnesses, whether or not their roles in litigation was in the course of their employment by You.

. . . .

25. Documents sufficient to identify all civil claims and lawsuits, criminal charges and proceedings, and convictions and judgments against You.
26. All Documents Concerning accusations or allegations by anyone of violations of civil or criminal laws by You or by any Persons who have ever been associated with You (including but not limited to Armen Petrossian, Suren Ter-Saakov, and Blair Hearnsberger), including but not limited to accusations and allegations of identity theft, fraud, tax fraud, immigration fraud, copyright infringement, trademark infringement, sale or importation of counterfeit goods, and misuse of an access device.

*Id*. at Document Categories Nos. 17, and 25-26. The requests for documents related to litigation and/or allegations of wrongdoing involving XMLShop, its representatives, personnel and/or officers seeks documents protected by attorney-client privilege that are not discoverable. Request Number 25 seeks documents concerning judgments, lawsuits, criminal charges, convictions and claims against XMLShop. This information is equally available to Defendant as such records are public, and not related to the subject matter of the litigation. Additionally, these requests are not narrowly tailored to the claims or defenses in the Underlying Action as they seek *all* documents related to *any* litigation involving, accusations and/or allegations made against XMLShop, its representatives, personnel and/or officers. Therefore, XMLShop should not be compelled to comply with the XMLShop Document Subpoenas as the requested documents are privileged. Further, compliance with the requests would impose an undue burden on XMLShop as the requests are plainly wide-ranging and not limited to the underlying case.

       ***iv.***      ***XMLShop's Confidential Information Is Not Discoverable***

Defendant requests non-party XMLShop's confidential business operations, trade secrets, and finances, which are protected and not discoverable. Defendant requests that XMLShop produce:

> 19. All Documents Concerning Your software and other technologies or tools You have used to identify actual or potential copyright or trademark infringements, including but not limited to software and other tools You have used Concerning Your communications to Cloudflare or Concerning the facts asserted in those communications.
> 20. All Documents Concerning efforts to verify infringements of copyrights before preparation of communications Concerning claims of copyright infringement.
> 21. All Documents Concerning financial interests of any Person in This Litigation.
> 22. All Documents Concerning Your compensation in connection with This Litigation, Your work for Plaintiffs, or Your communications to or with Cloudflare.

*See* ECF No. 1-5, at Exhibit 5, at Document Categories Nos. 19-22, and Exhibit 3, at Document Requests Nos. 13-15. As argued above, XMLShop should not be compelled to divulge its confidential business operations and trade secrets to Defendant where XMLShop is a non-party to the Underlying Action, the details of its business operations unrelated to the case are not related to the claims and/or defenses in the Underlying Action, and XMLShop would be harmed if required to provide this documentation and information to Defendant. As such, the Motion must be denied.

### v. *XMLShop Previously Turned Over All Responsive Documents In Its Possession*

Finally, the Motion seeks to have XMLShop prove a negative – that it does not have additional documents responsive to the Document Subpoenas. XMLShop repeatedly indicated that it complied with the Subpoenas, and that all documents in its possession were provided to Defendant either via the Plaintiffs' production of 26,502 documents or directly by XMLShop in response to the 2nd Document Subpoena. Requiring non-party XMLShop to compile and newly bates stamp documents that were already produced would be duplicative and would place an undue burden on XMLShop as Defendant is already in possession of the documents. With the exception of the additional email chain that was inadvertently omitted from the original production, and that

XMLShop served on Defendant on January 4, 2021, XMLShop's responsive documents were already produced. Accordingly, the Motion must be denied.

## CONCLUSION

For all the foregoing reasons, non-party XMLShop, LLC d/b/a Counterfeit Technology respectfully requests that this Honorable Court deny the Defendant Cloudflare, Inc.'s Motion to Compel Compliance with Subpoena.

Respectfully Submitted,

STARK & STARK, P.C.

Dated: April 7, 2021

*/s/ Bianca A. Roberto, Esq.*
Bianca A. Roberto, Esq.
Attorney ID No. 309490
Gene Markin, Esq.
Attorney ID No. 308899
777 Township Line Road, Suite 120
Yardley, PA 19067
Tel: 267-907-9600
Fax: 267-907-9659
Email: broberto@stark-stark.com
Email: gmarkin@stark-stark.com
*Attorneys for Plaintiffs, and non-Party*
*XMLShop, LLC d/b/a Counterfeit Technology*

4836-6090-1092, v. 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law in Opposition to Motion to Compel Compliance by XMLShop, LLC d/b/a Counterfeit Technology with Subpoena is being furnished this 7th day of April, 2021, upon the following via this Court's electronic filing system:

| | |
|---|---|
| Alan C. Promer, Esquire | Andrew P. Bridges, Esquire |
| HANGLEY ARONCHICK SEGAL | Sapna Mehta, Esquire |
| PUDLIN & SCHILLER | FENWICK & WEST LLP |
| One Logan Square, 27th Floor | 801 California Street |
| Philadelphia, PA 19103 | Mountain View, CA 94041 |
| Telephone: (215) 496-7044 | Telephone: (650) 988-8500 |
| Email: apromer@hangley.com | Facsimile: (659) 938-5200 |
| *Attorneys for Defendant* | Email: abridges@fenwick.com |
| | Email: smehta@fenwick.com |
| | *Attorneys for Defendant* |

STARK & STARK, P.C.

Dated: April 7, 2021         */s/ Bianca A. Roberto, Esq.*
                             Bianca A. Roberto, Esq.
                             Attorney ID No. 309490
                             Stark & Stark, P.C.
                             777 Township Line Road, Suite 120
                             Yardley, PA 19067
                             Tel: 267-907-9600
                             Fax: 267-907-9659
                             Email: broberto@stark-stark.com
                             *Attorneys for Plaintiffs, and non-Party*
                             *XMLShop, LLC d/b/a Counterfeit Technology*