# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MON CHERI BRIDALS, LLC, and : <br> MAGGIE SOTTER DESIGNS, LLC, : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> CLOUDFLARE, INC., *et al.*, : <br>     Defendants. : | MISCELLANEOUS ACTION <br> No. 21-28-JLS |

## ORDER

**AND NOW**, this 13th day of April, 2021, after reviewing Cloudflare's Motion to Compel, the response thereto, and having held a hearing on the matter, Cloudflare's Motion to Compel non-party XMLShop, LLC, is **GRANTED IN PART**, as described herein.[1] The Clerk of the Court shall mark this case as closed.

BY THE COURT:

**/s/ Jeffrey L. Schmehl**
JEFFREY L. SCHMEHL, J.

---

[1]     In this miscellaneous action, Cloudflare, Inc. motions the Court to compel XMLShop to respond to discovery requests. In the underlying suit, Cloudflare is defending against copyright infringement claims, and XMLShop is a non-party yet has a significant stake in that litigation. Purportedly, the plaintiff in the underlying suit contacted XMLShop to find and report any copyright infringements on the internet. XMLShop allegedly found infringing material on a website that Cloudflare services. XMLShop then reported their findings to plaintiff and aided plaintiffs in filing the copyright claims against Cloudflare. XMLShop has a contingency stake in the outcome of the case.
    Given XMLShop's involvement in the underlying case, Cloudflare deposed the corporate designee of XMLShop, and now seeks further written discovery materials. Cloudflare complains that it requested discovery numerous times from XMLShop but XMLShop has been lackluster in answering the requests. According to Cloudflare, XMLShop has provided boilerplate responses, responded beyond deadlines, produced a single document on one occasion, and stated that all their discovery responses were provided within the plaintiffs' 26,000 document disclosure.
    XMLShop's actions towards Cloudflare's discovery requests are analogous to XMLShop's actions in this case. Here, Cloudflare filed their Motion to Compel on March 12, 2021, thereby making March 26, 2021,

XMLShop's response date. On the response date, XMLShop filed a Motion for Extension of Time to Respond, which was opposed by Cloudflare given the impending discovery deadline in the underlying case. I granted XMLShop's Motion and extended their response due date to April 5, 2021. XMLShop failed to comply with this deadline. XMLShop responded just minutes before midnight on April 7th, when a hearing on the Motion to Compel was scheduled for April 8th. Thus, XMLShop provided Cloudflare and the Court with less than full day to prepare for the hearing.

       Cloudflare requests four categories of disclosures in their Motion to Compel: (1) identification and contact information of all employees who may be witnesses in the underlying case; (2) internal documents and communications with plaintiffs; (3) XMLShop's claimed "specialized knowledge"; and (4) XMLShop's purported technology.

       First, XMLShop shall provide contact information of all employees or officers who may be called as witnesses in the underlying case, or who worked on anything related to the underlying case. XMLShop told Cloudflare that they only have one employee, yet their website purportedly taunts a "big team of professionals," and "three offices." This discovery request is not burdensome as XMLShop can simply provide a list of employees and their contact information.

       Second, XMLShop shall provide all internal documents and communications that it has had with plaintiffs and the American Bridal & Prom Industry Association that are not privileged. XMLShop purportedly told Cloudflare that they have no communications between themselves and plaintiffs, yet plaintiffs contacted XMLShop to investigate copyright infringements and XMLShop has a contingency fee in the underlying case. To the extent that communications have already been produced to Cloudflare in plaintiffs' 26,000 document production, XMLShop shall identify those communications by bates number, or resend the documents to Cloudflare themselves rather than through plaintiffs.

       Third and fourth, XMLShop shall provide certain "specialized knowledge" and their "technology" as described herein. Cloudflare requests XMLShop's specialized knowledge and technology concerning how it discovers copyright infringements. XMLShop rightfully complains that this is overbearing and invasive into sensitive information. But how XMLShop discovered the specific alleged infringement(s) in the underlying case is a proper inquiry and potentially relevant to the claims and defenses. Accordingly, XMLShop shall produce information in regard to how it discovered the alleged infringement(s) in the underlying case, and provide any information it has about the alleged infringement(s). For further clarification, XMLShop shall only produce information about the way it was hired by plaintiffs, what specific steps it took to discover the alleged infringement(s), and the knowledge it has on those infringement(s). Cloudflare is not entitled to XMLShop's specialized knowledge and technology as a whole, only the specialized knowledge and technology in regard to the specific alleged infringement(s) in the underlying case.

       As XMLShop conceded during the hearing on this Motion, it shall provide Cloudflare with the bates numbers of the documents that it produced to plaintiffs, or reproduce the discovery materials that it provided to plaintiffs to the extent that the above four categories does not cover them. Lastly, the Court will not order a contempt ruling at this time despite XMLShop's alleged evasiveness in the underlying case and even in this case because XMLShop is a non-party in the underlying case, and it had legitimate concerns with the discovery requests especially in relation to their specialized knowledge and technology.